IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONEAL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-17062 |
| ) | Hon. Judge Lindsay Clayton Jenkins |
| ALLURE LIFESTYLE COMMUNITIES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY ABUSE AND POTENTIAL FRAUD**

Defendant, Allure Lifestyle Communities ("Defendant" or "Allure"), by and through the undersigned counsel, respectfully submit their response in opposition to Plaintiff's Motion for Discovery Abuse and Potential Fraud ("Motion"). In support thereof, Defendant states as follows:

**FACTUAL BACKGROUND**

On or about October 22, 2024, Plaintiff issued his first set of interrogatories and requests for production via U.S. Mail ("First Set of Discovery"). On November 25, 2024, Defendant timely served its written responses to Plaintiff's First Set of Discovery. *See* Exhibit A. On November 27, 2025 Defendant served its document production, documents labeled Bates No. ALLURE_000001-000076. *See* Exhibit B.

On November 30, 2024, Plaintiff issued his first set of requests for admission, to which Defendant timely responded on December 30, 2024. *See* Exhibit C. On January 4, 2025, Plaintiff sent counsel for Defendant correspondence regarding Defendant's Answer to Plaintiff's First Requests for Admission and accompanying responses provided by Defendant. *See* Exhibit D. In an effort to resolve the Parties' respective discovery disputes and potentially obviate the court intervention, the parties held a telephonic meet and confer conference on February 5, 2025, which

the parties, at Plaintiff's request, suspended and continued to February 6, 2025. On February 6, 2025, in advance of their second "meet and confer" call and to aid the discussion, counsel for Defendant emailed Plaintiff a written response to his January 4, 2025 letter. *See* Exhibit E. On January 14, 2025, Defendant served a second document production, a single document Bates No. ALLURE_000077.

Thereafter, Plaintiff sent counsel for Defendant additional Rule 37 correspondence on February 9, 2025, February 10, 2025, and February 11, 2025 ("February Rule 37 Correspondence"). *See* Exhibits F, G, and H. Plaintiff's February Rule 37 Correspondence was confusing, lacking in detail, and requested information and documents that Defendants had already provided. Nonetheless, on February 14, 2025, Defendant served a third production of documents, Bates Nos. ALLURE_000078- ALLURE_0000151. *See* Exhibit I. On February 26, 2025, Defendant served a fourth production of documents labeled Bates Nos. ALLURE_000152-ALLURE_0000158. *See* Exhibit J.

On March 3, 2025, Plaintiff filed his Motion. On March 6, 2025, the undersigned counsel emailed Plaintiff, reminding him of his Rule 37 obligations and providing a written response to his Rule 37 correspondence. *See* Exhibit K. Plaintiff did not respond to Defendant's undersigned counsel.

I. **Plaintiff's Motion Fails to Identify Any "False and Misleading" Document or Specific Discovery Deficiencies**

Rule 37 provides that any motion to compel discovery must include a certification that the movant "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiff has plainly failed to do so here.

2

Though Plaintiff accuses Defendant of submitting "false or misleading discovery documents," he fails to identify a single document or discovery response that he believes to be false or misleading. Instead, Plaintiff makes vague and inaccurate references to the Parties' discovery disputes without articulating *what* specific information he believes to be false, misleading, or improperly withheld. Throughout this lawsuit, Defendant has made every effort to comply with Plaintiff's discovery requests and engage in good faith to resolve any discovery disputes. Despite the fact that Defendant supplemented its document productions multiple times in response to Plaintiff's Rule 37 communications, Plaintiff has failed to identify which discovery responses he believes remain inadequate. Moreover, even when the undersigned counsel reminded him of his meet and confer obligations, he failed to respond. Indeed, Plaintiff's motion fails to articulate a single legitimate discovery request to which he believes Defendant has not properly responded. Plaintiff's Motion should be dismissed by the Court on this basis alone.

## II. Plaintiff's Allegations Regarding the Testimony of Randy Geouque are Factually and Legally Baseless

Confusingly drafted, Plaintiff's Motion includes vague and unsupported references to the testimony of Randy Geouque. He claims that Mr. Geouque refused to answer certain questions, but fails to provide any transcript excerpts or specific examples to support his assertions. Even more telling, Plaintiff, who noticed Mr. Geouque's deposition, *even admits he has not even ordered the transcript.*

Setting asided that Plaintiff's recollection that Mr. Geouque purportedly disclaimed any knowledge of Defendant's written discovery responses differ **significantly** for the undersigned, he fails to identify a single discovery response or deposition answer from Mr. Geouque that he believes is purportedly inaccurate or misleading based on Mr. Geouque's deposition. As neither

3

party has yet to receive the deposition transcript, Plaintiff's unsupported recollection is inherently unreliable, if not an outright fabrication of Mr. Geouque's testimony.

It is unclear from Plaintiff's Motion if he is merely displeased that Mr. Geouque, who testified in his individual capacity, was unable to answer questions that Plaintiff directed to him regarding the actions and intent of other employees at Allure. In any event, Plaintiff's accusations of "fraud" are wholly unmerited and underscore his fundamental misunderstanding of the complexities of issuing discovery to a corporate entity and Defendant's discovery obligations. If Plaintiff intended to elicit testimony on behalf of Defendant as a corporate entity, he was required to serve a notice of deposition pursuant to Rule 30(b)(6), which he did not do. To the extent that Mr. Geouque testified that he lacked knowledge or information regarding any topic of questioning by Plaintiff does not, as Plaintiff erroneously suggests, render Defendant's discovery responses false and misleading, let alone suggest sanctionable conduct.

Bizarrely, Plaintiff also asserts – without basis – that he believes that Mr. Geouque's verification of Defendant's First Set of Interrogatories "is not the signature of him on the Verification "because the witness is not from the City of Chicago or from the State of illinois" [sic]. Federal Rule of Civil Procedure 33 requires that a corporate defendant's interrogatories be answered "by an officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). Defendant fully complied with this requirement and provided a properly executed verification page signed by Mr. Geouque. Plaintiff offers no legitimate reason or evidence *whatsoever* to challenge the validity of Mr. Geouque's signature or to support his claim that Mr. Geouque did not sign the verification. Plaintiff's rank speculation that Mr. Geouque's signature is "not the signature of him" based on his geographic location is not only legally and factually unfounded, but it borders on the absurd.

4

Simply put, Plaintiff's factually sparse Motion and empty accusations are unsupported by the evidence or the law. His filing is the latest example of Plaintiff making frivolous and wholly unfounded claims of "fraud" and discovery abuse towards Defendant and its counsel simply because he dislikes Defendant's discovery responses. This pattern of conduct has caused Defendant to expend unnecessary time and attorney resources reviewing and responding to Plaintiff's litany of baseless claims that serve no purpose other than to harass Defendant and drive up litigation costs. Therefore, this Court should not only deny Plaintiff's Motion, but it should also enter sanctions against Plaintiff, including attorney fees and costs incurred in responding to Plaintiff's frivolous filing, which has unnecessarily increased Defendant's litigation expenses.

WHEREFORE, for the foregoing reasons, Defendant, Allure Lifestyles Communities, respectfully requests that this Court: (1) deny Plaintiff's Motion for Discovery Abuse and Potential Fraud, (2) enter sanctions against Plaintiff, including Defendant's costs and attorney's fees attributable to responding to Plaintiff's Motion; and 3) grant such other relief this Court deems just and proper.

Respectfully submitted this 11th day of March, 2025

        Respectfully submitted,
        /s/     M. Elysia Baker Analo
        Laura A. Balson (#6291377)
        M. Elysia Baker Analo (#6308530)
        Christopher Malpartida (#6345956)
        **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
        20 N. Wacker Drive Ste. 4120
        Chicago, IL 60606
        P: 773.661.4710
        lbalson@constangy.com
        eanalo@constangy.com
        cmalpartida@constangy.com

        *Attorneys for Defendant Allure Lifestyle Communities*

## **CERTIFICATE OF SERVICE**

I, Hannah Caisse, a non-attorney, hereby certify that on this 11th day of March 2025, I caused a copy of ***Defendant's Response to Plaintiff's Motion for Discovery Abuse and Potential Fraud*** to be electronically filed using the Court's electronic filing system, which shall send notification of such filing to, and constitute service on, the following party of record:

ONeal Johnson
816 W. 76th Street
Chicago, IL 60620
T: 773-992-6759
Johnsononeal1406@gmail.com

                                         */s/ Hannah Caisse*